**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MICHAEL ANTHONY BUTLER, *et al.*,

Plaintiffs,

v.

SYRIAN ARAB REPUBLIC,

Defendant.

Case No. 24-cv-3587-TNM-MJS

## MEMORANDUM ORDER

In November 2005, a suicide bomber detonated an explosive device inside the Grand Hyatt hotel in Amman, Jordan, killing many victims and injuring many more. Plaintiffs Michael Anthony Butler and Randa Mahmoud Yaqoub were reportedly among those injured in that attack, and they bring this lawsuit, alongside several of their respective family members, to recover damages for those injuries from the Syrian Arab Republic ("Syria") under the Foreign Sovereign Immunities Act ("FSIA"). Presently, Plaintiffs ask the Court to take judicial notice of an earlier ruling that found Syria responsible for the Grand Hyatt attack, *Thuneibat v. Syrian Arab Republic*, 167 F. Supp. 3d 22 (D.D.C. 2016), and to enter default judgment against Syria on liability here, too. Because Plaintiffs have not (yet) satisfied their evidentiary burden to secure the relief they seek, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' motion (ECF No. 15 ("Mot.")).[1]

[1] Judge Trevor McFadden referred this case to the undersigned for all pretrial matters. Ordinarily, a decision on default judgment would be considered dispositive, such that a magistrate judge would rule by way of a report and recommendation. But because the Court here is denying the motion *without prejudice*, the decision is not "dispositive of a[ny] claim or defense," *see* Fed. R. Civ. P. 72(b)(1), so the Court's ruling takes the form of a memorandum order rather than a report and recommendation, *see, e.g.*, *Campbell v. Isolator Fitness, Inc.*, 2023 WL 6444904, at *1 n.1 (S.D.N.Y. Oct. 3, 2023) (collecting cases on this point); *Zuniga v. Newmark Wood Working Grp., Inc.*, 2022 WL 3446331, at *4 n.1 (E.D.N.Y. Aug. 17, 2022).

Under the FSIA, "[n]o judgment by default shall be entered … unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e). "Satisfactory evidence" can include "sworn affidavits or declarations, prior judicial fact-findings, and other documents submitted in accordance with the Federal Rules of Evidence." *Sheikh v. Republic of Sudan*, 485 F. Supp. 3d 255, 263 (D.D.C. 2020). Given the statute's call for "evidence," it follows that "[c]ourts may rely upon uncontroverted factual allegations *that are supported by affidavits*," *Worley v. Islamic Republic of Iran*, 75 F. Supp. 3d 311, 319 (D.D.C. 2014) (emphasis added), but may not "simply accept a complaint's unsupported allegations as true," *Rimkus v. Islamic Republic of Iran*, 750 F. Supp. 2d 163, 171 (D.D.C. 2010); *see also Bushnell v. Islamic Republic of Iran*, 2023 WL 11723215, at *2 (D.D.C. Oct. 5, 2023) (similar) (quoting *DiBenedetto v. Iranian Ministry of Info. & Sec.*, 2019 WL 4860778, at *2 (D.D.C. Sept. 30, 2019)).

Here, Plaintiffs recite the proper evidentiary standards that apply to default judgment in the FSIA context. (*See* Mot. at 7–8.) But when it comes to mustering evidence to meet those standards, they simply point the Court to the prior judicial findings in the *Thuneibat* case. That proffer may get them part of the way toward default judgment by tying Syria to the attack. But it does not suffice to establish the validity and merits of their own specific claims. On that front, the Court has nothing beyond the unsupported allegations in the (unverified) complaint. Plaintiffs do not present any evidence to demonstrate, for instance, that they suffered injuries that were caused by the attack—as necessary to establish both subject-matter jurisdiction under the FSIA's terrorism exception, 28 U.S.C. § 1605A(a)(1), and liability on the accompanying statutory cause of action, *id.* § 1605A(c). They do not present any evidence to show that they fall within one of the statutory statuses necessary to pursue a claim for damages under the FSIA, *id.* § 1605A(c)(1)–(4)—though they are all *alleged* to be U.S. citizens (*see* ECF No. 1, Compl. ¶¶ 4–13). They do not present any

evidence to support a liability finding on the non-FSIA claims they assert—*i.e.*, assault and battery, intentional infliction of emotional distress, and so on. (*Id.* ¶ 107–33.) Nothing along these lines.

Plaintiffs acknowledge these evidentiary gaps in their presentation, or at least some of them. They just ask that the Court allow them to "submit proof" at a later stage of the proceedings, "when presenting evidence regarding damages." (Mot. at 6.) As other judges in this District have recognized, that sort of kick-the-can approach is not appropriate. *See, e.g.*, *Spencer v. Islamic Republic of Iran*, 922 F. Supp. 2d 108, 109–10 (D.D.C. 2013) (denying motion for default judgment without prejudice where plaintiffs similarly requested judicial notice of a prior proceeding but failed to offer evidence specific to their own claims). In fact, Plaintiffs' same counsel has been unsuccessful with this same strategy several times in the past. *Bushnell v. Islamic Republic of Iran*, 2023 WL 11723215, at *2 (D.D.C. Oct. 5, 2023) ("[T]he Court is reluctant to accept plaintiffs' invitation to enter default judgment on liability in the absence of any evidentiary support specific to these plaintiffs."); *Katana v. Islamic Republic of Iran*, No. 19-cv-2068, ECF No. 39, Order (D.D.C. Oct. 5, 2023) (same); *Ratemo v. Islamic Republic of Iran*, No. 19-cv-2067, ECF No. 38, Order (D.D.C. Sept. 28, 2023) (similar). This Court likewise "declines" to "defer" the need for Plaintiffs to carry their burden on liability-related "proof" to establish their claims until "the damages phase of the litigation." *Bushnell*, 2023 WL 11723215, at *2.

To be clear, Plaintiffs may file a renewed motion for default judgment supported by the proper evidentiary showing. And in any such submission, Plaintiffs remain free to renew their arguments surrounding the judicially noticeable facts and legal conclusions from the *Thuneibat* case. But Plaintiffs must also present sufficient evidentiary support specific to their own circumstances and their own claimed injuries. Importantly, for efficiency's sake, *see* Fed. R. Civ.

P. 1, any renewed motion should address the full scope of issues relevant to default judgment—as to both liability and damages—rather than addressing things piecemeal.

For the time being, though, Plaintiffs' motion is **DENIED WITHOUT PREJUDICE**. Plaintiffs shall file any renewed motion for default judgment by no later than **January 22, 2027**.

**SO ORDERED**.

Dated: November 19, 2026

MATTHEW J. SHARBAUGH
United States Magistrate Judge